UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN FLYNN, et al.,

    Plaintiffs,

    v.

ACME TILE, INC.,
d/b/a ACME TILE CO., INC.,

    Defendant.

Civil Action No. 05-1052 (JDB)



## ORDER AND DEFAULT JUDGMENT

    Plaintiffs, the Bricklayers & Trowel Trades International Pension Fund and the trustees thereof, the International Masonry Institute, and the International Union of Bricklayers and Allied Craftworkers, bring this action against defendant Acme Tile, Inc., d/b/a Acme Tile Co., Inc., pursuant to the Labor Management Relations Act, 29 U.S.C. § 185, and the Employment Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq.  Pursuant to Fed. R. Civ. P. 55(b)(2), plaintiffs seek judgment by default against defendant for delinquent pension contributions, interest, and various costs and fees owed by defendant to plaintiffs pursuant to certain labor contracts.  Plaintiffs also seek injunctive relief to facilitate a further accounting of contributions owed by defendant.

    Default was entered on September 30, 2005, after the time for answering the amended complaint expired. The Court has reviewed the motion for default judgment and the accompanying exhibits, and has determined that default judgment in the amounts and nature sought is appropriate as set forth below.  With regard to the issue of attorneys fees, the Court

agrees that, in an ERISA action to recover delinquent contributions from employers, it is appropriate to award attorneys fees based on the market value of the legal services, rather than a fee reduced to reflect a "public-spirited discount" as occurred here. See Bd. of Trustees of the Hotel and Restaurant Employees Local 25 v. JPR, Inc., 136 F.3d 794, 800-08 (D.C. Cir. 1998). However, due to ethical standards against dividing legal fees with a non-lawyer, market-based fees over and above the actual cost of legal services may not be remitted directly to organizations -- such as the plaintiff organizations here -- that furnish both legal and non-legal services "unless there is some guarantee that the amount above the organization's actual cost will ultimately be spent in the provision of legal assistance." Am. Fed'n of Gov't Employees, AFL-CIO, Local 3882 v. Federal Labor Relations Auth., 944 F.2d 922, 934-35 (D.C. Cir. 1991); see Nat'l Treasury Employees Union v. Dep't of the Treasury, 656 F.2d 848, 850-55 (D.C. Cir. 1981) (citing American Bar Ass'n Code of Professional Responsibility Disciplinary Rule 3-102). There is no such guarantee in the present record. Thus, this order directs plaintiffs to remit the attorneys fees to their counsel to the extent counsel have not previously been paid the market rate.

Accordingly, it is hereby **ORDERED** that:

1. Plaintiff's motion for default judgment is **GRANTED**.

2. Judgment is entered in favor of plaintiffs John Flynn, James Boland, Gerald O'Malley, Ken Lambert, Gerard Scarano, H.J. Bramlett, Eugene George, Paul Songer, Charles Verlardo, Matthew Aquiline, Gregory R. Hess, Michael Schmerbeck, Vincent DeLazzero, and Ben Capp, Jr., as trustees suing on behalf of the Bricklayers & Trowel Trades International Pension Fund ("IPF"), 1776 Eye St., N.W., Fifth Floor, Washington, D.C., 20006, and against

defendant Acme Tile, Inc., d/b/a Acme Tile Co., Inc., ("Defendant"), in the amount of $12,197.21, which amount represents:

(a) Delinquent contributions in the amount of $4,526.81 due to the International Pension Fund and International Masonry Institute for work performed in Locals 37 and 67 IL:

(b) Interest in the amount of $2,071.25 on the above delinquent contributions calculated at the rate of 15 per cent per annum from the Due Date;

(c) An additional computation of interest in the amount of $2,071.25 on the above delinquent contributions calculated at the rate of 15 per cent per annum from the Due Date;

(d) Delinquent dues checkoff in the amount of $795.58 due to the Bricklayers and Allied Craftworkers International Union for work performed in Locals 37 and 67 IL;

(e) Interest in the amount of $361.32 on the delinquent dues checkoff calculated at the rate of 15 per cent per annum;

(f) $250.00 for the court filing fee and $146.00 for service of process costs; and

(g) $1,975.00 in audit costs.

3.  Plaintiffs are awarded $2,185.00 in attorneys fees, which amount shall be remitted to plaintiffs' counsel to the extent plaintiffs have not previously paid counsel the sums enumerated in Exhibit B, ¶ 7, to Plaintiffs' Motion for Default Judgment.

4.  Defendant shall submit all monthly reports and contributions for all periods for which it is obligated to do so under its collective bargaining agreements subsequent to the filing of this Judgment.

5.  This Judgment is without prejudice to the right of plaintiffs to seek recovery of any past or future delinquencies, interest, damages and reasonable attorneys fees and costs that may be owing to plaintiffs from Acme Tile, Inc., d/b/a Acme Tile Co., Inc.

6.  Acme Tile, Inc., d/b/a Acme Tile Co., Inc., shall comply with its obligation under the collective bargaining agreements to make timely and full contributions to the IPF.

**SO ORDERED.**

_____
JOHN D. BATES
United States District Judge

Dated:   November 16, 2005

Copies to:

Ira Mitzner
Dickstein Shapiro Morin & Oshinksy LLP
2101 L St., NW
Washington, DC 20037-1526
Email: mitzneri@dsmo.com

*Counsel for plaintiffs*

Acme Tile, Inc.
 d/b/a Acme Tile Co., Inc.
12417 -- 5th Street
Pekin, IL 61554

*Defendant*